**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **TIMOTHY MURRAY** | § | |
| | § | |
| **V.** | § | **A-20-CV-172-LY** |
| | § | |
| **LORIE DAVIS** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules. Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Respondent's Answer (Document 10); and Petitioner's response thereto (Document 13). Petitioner, proceeding pro se, has paid the filing fee for his application. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

**STATEMENT OF THE CASE**

**A.   Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to two judgments and sentences from the 299th Judicial District Court of Travis County,[1] Texas, in cause number D-1-DC-15-203174 and D-1-DC-15-203175. Petitioner was charged by indictment with possession of a controlled substance, namely cocaine, in an amount between one and four grams. Petitioner was also charged by indictment with aggravated assault with a deadly weapon of Jason Jones while Jones was performing his duties as a public servant. Both indictments further

---

[1] Respondent mistakenly states Tarrant County.

alleged enhancements based on Petitioner's three prior convictions of burglary of a motor vehicle (under Cause No. D-202-CR91-106), possession of a controlled substance (under Cause No. D-202-CR90-433), and murder (under Cause No. D-202-CR91-436). Petitioner pleaded not guilty to the charges but true to the enhancements. The jury found him guilty of possessing cocaine and aggravated assault of a public servant. Petitioner was sentenced to 20 years for the drug offense and 60 years for the aggravated assault. The Eighth Court of Appeals of Texas affirmed Petitioner's convictions and sentences. *Murray v. State*, 2018 WL 1663882 (Tex. App. – El Paso, April 6, 2018, pet. ref'd); *Murray v. State*, 2018 WL 1701952 (Tex. App. – El Paso, April 6, 2018, pet. ref'd). The Court of Criminal Appeals refused Petitioner's petitions for discretionary review on November 7, 2018. *Murray v. State*, PDR Nos. 0458-18 and 0459-18.

Petitioner also challenged his convictions and sentences in state applications for habeas corpus relief. On December 18, 2019, the Texas Court of Criminal Appeals denied both applications without written order on the findings of the trial court without a hearing and on the court's independent review of the record. *Ex parte Murray*, Nos. WR-46,580-03 and -04.

**B.    Factual Background**

The factual background of this case is found in the Court of Appeals' opinion and is repeated below.

> On the evening of May 29, 2015, two Austin police officers, Jason Jones and Brian Huckaby, were on bicycle patrol in downtown Austin. Both men were wearing their reflective bicycle police uniforms. The officers were investigating a report that a man was falsely claiming to be a parking lot attendant and collecting money for parking spaces. After locating the man, the officers began conducting surveillance to catch him in the act. They noticed two men get into a truck parked in a dimly lit area. A few minutes later, the passenger exited and another man got into the truck on the passenger side. Suspecting drug activity, the officers approached the rear of the truck on their bicycles. Both officers got off of their bikes, and Jones approached on the

passenger side while Huckaby went to the driver's side. The dome light was illuminated and Jones observed a hand-to-hand transaction between the driver and passenger. Jones saw money in the driver's hands, but he did not see anything in the passenger's hands. Believing he was witnessing a drug deal, Jones opened the passenger door and announced, "Austin Police," while Huckaby shined a light into the driver's window. The driver, who was subsequently identified as Appellant, turned and looked directly at Jones. Appellant had his hands in his lap, and Huckaby saw both money and something shiny. Jones ordered both men to put up their hands, but Appellant instead started the vehicle, threw it into reverse, and quickly accelerated. Because Jones had been standing inside of the open door, he became trapped between the vehicle and the door while Appellant accelerated in reverse. Both officers continued to identify themselves as police officers while yelling at Appellant to stop. When Appellant struck the curb, Jones was thrown into a vehicle parked behind them. Jones suffered significant pain and bruising to his arms and chest. Both Appellant and the passenger were placed under arrest. Appellant had more than $600 in cash in his back pocket. Officers also found more money in small denominations on the floorboard of the truck, a bundle of small plastic bags in the glove box of the vehicle, and a plastic mints container under the driver's seat with 1.117 grams of cocaine in rock form.

*Murray*, 2018 WL 1663882, at *1; *Murray*, 2018 WL 1701952, at *1.

**C.   Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1.   His trial counsel was ineffective for:

    a.   failing to conduct an independent investigation of "very relevant exculpatory medical evidence" to show the victim, Jason Jones did not suffer any bodily injury;

    b.   failing to investigate relevant evidence, namely a container of a controlled substance to determine if any fingerprints pointed to another perpetrator and conduct further analysis, testing, and weighing of the controlled substance in the container; and

2.   The state prosecutor failed to give a valid race-neutral reason for its strike on prospective juror thirty-five during a challenge pursuant to *Batson v. Kentucky*, 476 U.S. 79 (1986).

3

**D.**     **Exhaustion of State Court Remedies**

Respondent does not contest that Petitioner has exhausted his state court remedies regarding the claims brought in this application.  A review of the state court records submitted by Respondent shows that Petitioner has properly raised these claims in previous state court proceedings.

## DISCUSSION AND ANALYSIS

**A.**     **The Antiterrorism and Effective Death Penalty Act of 1996**

The Supreme Court has summarized the basic principles that have grown out of the Court's many cases interpreting the 1996 Antiterrorism and Effective Death Penalty Act.  *See Harrington v. Richter*, 562 U.S. 86, 97–100 (2011).  The Court noted that the starting point for any federal court in reviewing a state conviction is 28 U.S.C. § 2254, which states in part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The Court noted that "[b]y its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." *Harrington*, 562 U.S. at 98.

One of the issues *Harrington* resolved was "whether § 2254(d) applies when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied." *Id.*  Following

all of the Courts of Appeals' decisions on this question, *Harrington* concluded that the deference due a state court decision under § 2554(d) "does not require that there be an opinion from the state court explaining the state court's reasoning." *Id.* (citations omitted).   The Court noted that it had previously concluded that "a state court need not cite nor even be aware of our cases under § 2254(d)." *Id.* (citing *Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam)).   When there is no explanation with a state court decision, the petitioner's burden is to show there was "no reasonable basis for the state court to deny relief." *Id.*  And even when a state court fails to state which of the elements in a multi-part claim it found insufficient, deference is still due to that decision, because "§ 2254(d) applies when a 'claim,' not a component of one, has been adjudicated." *Id.*

As *Harrington* noted, § 2254(d) permits the granting of federal habeas relief in only three circumstances: (1) when the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of the Supreme Court; (2) when the earlier decision "involved an unreasonable application of" such law; or (3) when the decision "was based on an unreasonable determination of the facts" in light of the record before the state court. *Id.* at 100 (citing 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).   The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of . . . [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Dowthitt v. Johnson*, 230 F.3d 733, 740 (5th Cir. 2000) (quotation and citation omitted).

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a set of materially indistinguishable facts.

*Id.* at 740-41 (quotation and citation omitted).  Under the "unreasonable application" clause of § 2254(d)(1), a federal court may grant the writ "if the state court identifies the correct governing legal principle from . . . [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Id.* at 741 (quotation and citation omitted).  The provisions of § 2254(d)(2), which allow the granting of federal habeas relief when the state court made an "unreasonable determination of the facts," are limited by § 2254(e), which states that a federal court must presume state court fact determinations to be correct, though a petitioner can rebut that presumption by clear and convincing evidence.  *See* 28 U.S.C. § 2254(e)(1).  But absent such a showing, the federal court must give deference to the state court's fact findings.  *Id.*

**B.    *Baston* Claim**

Petitioner contends the State failed to give a race-neutral reason for striking an African-American woman from the jury panel.  Petitioner raised this issue in his state application for habeas corpus relief.  He also challenged on direct appeal the trial court's denial of his *Batson* challenge.

The appellate court rejected Petitioner's claim and concluded the State's explanation for striking the potential juror was not pretextual and the trial court's denial of Petitioner's *Batson* challenge was not clearly erroneous.  The court explained:

> When Appellant raised his *Batson* objection to the State's use of a peremptory challenge against prospective juror Massie, the trial court skipped the first part of the *Batson* test and immediately requested the prosecutor to offer a race-neutral explanation. Likewise, we will skip the first step of the *Batson* analysis. *See Greer*, 310 S.W.3d at 313 (the appellate court will skip the first step of the analysis if the trial court skips the first step of the analysis and immediately inquires as to the striking party's race-neutral reasons). The prosecutor explained that he used a peremptory strike against Massie because she could not find a person guilty based on the testimony of just one witness and she would require the State to present forensic evidence in order to convict. Both the prosecutor and the trial court acknowledged that defense counsel had rehabilitated Massie to the point that she was not

challengeable for cause, but Massie indicated it would still be difficult for her to convict based on the testimony of only one witness. The trial court noted that Massie had also expressed her opinion that police officers who are assaulted on duty should not get any additional protection under the law. The court overruled Appellant's *Batson* challenge. After the court empaneled the jury, the prosecutor added that he had reviewed his notes and had an additional reason for using a peremptory challenge against Massie. He stated that Massie had indicated she did not believe that possession of drugs should be illegal. Appellant then moved to strike the jury because it was non-representative of the community. The court denied the motion.

Appellant argues that the prosecutor's supplemental explanation that he struck Massie because she did not believe drug possession should be illegal is pretextual because another prospective juror, Ervin, expressed the same belief. Ervin initially stated that drugs should not be illegal, but she subsequently clarified that current drug laws did not address the problem, and she clearly expressed that she would be able to find a person guilty of drug possession if the State proved its case. Massie, in contrast, initially stated that she could not convict based on the testimony of only one witness and she would require forensic evidence. During defense counsel's voir dire, Massie retreated from this position somewhat, but she continued to state she would require "more potent, more powerful" evidence and would need to be "very convinced" before she would find a defendant guilty. Based on this record, the State's explanation for striking Massie was not pretextual and the trial court's denial of Appellant's *Batson* challenge is not clearly erroneous.

*Murray*, 2018 WL 1663882, at *2-3; *Murray*, 2018 WL 1701952, at *2-3. The state habeas court

similarly found:

> 25.   At trial, Counsel raised a *Batson* objection when the State struck a prospective juror. The State provided a race-neutral reason for the strike and the Court overruled the objection. On appeal, the Court of Appeals held that the State's explanation was not pretextual and that the trial court did not err in denying the challenge.
>
> 26.   [Petitioner] claims the State failed to articulate a race-neutral reason for the strike and that the Court abused its discretion in overruling the objection.
>
> 28.   These *Batson* issues were raised and rejected on direct appeal and, therefore, cannot be considered.

(ECF No. 11-56 at 45).

The Equal Protection Clause of the Fourteenth Amendment proscribes the use of a peremptory challenge on the basis of race. *Batson*, 476 U.S. at 89. To prevail on a *Batson* claim, a defendant must first make a prima facie showing that the prosecutor removed a juror on account of race. If the defendant does so, the burden shifts to the prosecution to propound a race-neutral explanation for the peremptory challenge. Lastly, the "court must determine whether the defendant has carried his burden of proving purposeful discrimination." *United States v. Thompson*, 735 F.3d 291, 296 (5th Cir. 2013). Where the state volunteers an explanation for the strike, the court need not consider the first step of the analysis. *Id.* at 297. A *Batson* claim will not succeed where the defendant fails to rebut each of the prosecutor's legitimate reasons.

As explained by the state court, the State provided race-neutral reasons for striking Massie. At trial, Massie expressed her concern about people being wrongfully convicted and spending many years in jail for a crime they did not commit and because of that she would require more than just the testimony of one witness. The State challenged her for cause, but the trial court denied the challenge after determining defense counsel had rehabilitated the juror to the point where she could not be struck for cause. The trial court also noted Massie agreed that police officers should not get additional protection under the law. After review of the voir dire record, the Court finds nothing unreasonable in the state courts' application of clearly established federal law or in the state courts' determination of facts in light of the evidence. Accordingly, Petitioner's claim does not warrant federal habeas relief.

## C.    Ineffective Assistance of Counsel

Petitioner also argues he was denied effective assistance of counsel when counsel (a) failed to conduct an independent investigation of "very relevant exculpatory medical evidence" to show

the victim, Jason Jones did not suffer any bodily injury and (b) investigate relevant evidence, namely a container of a controlled substance to determine if any fingerprints pointed to another perpetrator and conduct further analysis, testing, and weighing of the controlled substance in the container.

Petitioner raised these same issues in his state applications for habeas corpus relief. The state court rejected the merits of Petitioner's claims. As such, the AEDPA limits the scope of this Court's review to determining whether the adjudication of Petitioner's claim by the state court either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Ineffective assistance of counsel claims are analyzed under the well-settled standard set forth in *Strickland v. Washington*, 466 U.S. 668  (1984):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant can make both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Id.* at 687. In deciding whether counsel's performance was deficient, the Court applies a standard of objective reasonableness, keeping in mind that judicial scrutiny of counsel's performance must be highly deferential. *Id.* at 686-689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."

*Id.* at 689.  "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (Citation omitted).  Ultimately, the focus of inquiry must be on the fundamental fairness of the proceedings whose result is being challenged.  *Id.* at 695-97.  Accordingly, in order to prevail on a claim of ineffective assistance of counsel, a convicted defendant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Id.* at 687.

*Strickland* requires counsel to undertake a reasonable investigation. 466 U.S. at 690-91; *Charles v. Stephens*, 736 F.3d 380, 389 (5th Cir. 2013). Counsel must, at minimum, interview potential witnesses and make an independent investigation of the facts and circumstances of the case. *Kately v. Cain*, 704 F.3d 356, 361 (5th Cir. 2013). In assessing the reasonableness of counsel's investigation, a heavy measure of deference is applied to counsel's judgments and is weighed in light of the defendant's own statements and actions. *Strickland*, 466 U.S. at 691. A petitioner cannot "simply allege but must affirmatively prove prejudice" under *Strickland* when complaining of counsel's failure to investigate. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). A petitioner alleging that an investigation is deficient must show what the investigation would have uncovered and how the petitioner's defense would have benefited from this information. *Nelson v. Hargett*, 989 F.2d 847, 850 (5th Cir. 1993); *Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir. 1986).

With respect to Petitioner's claim that counsel failed to obtain Officer Jones's medical

records, the state habeas court found:

>7.     At trial, the officer testified that he had been standing in the open door of [Petitioner's] car when [Petitioner] accelerated, causing the officer to become trapped and subsequently thrown into a parked vehicle.

>8.     The officer testified that he suffered pain and bruising to his arms and chest but that the bruising did not develop until after the night of the incident.

>9.     Photos of the officer on the night of the incident were introduced and show no bruising. No photographs of the later bruising were ever introduced.

>10.    The jury heard testimony that both EMS and the hospital examined the officer but that he did not have any injuries that required medical attention.

>11.    Introduction of the medical records, which would presumably show that the officer did not require medical treatment, would have been cumulative as they would have been consistent with both the officer's testimony and the photos introduced.

>12.    Applicant has not shown that the medical records would have contributed any new or relevant information;

>13.    Applicant has not shown that Counsel's performance was deficient in failing to obtain or present the officer's medical records or that the outcome of the proceeding would have been different had Counsel done so.

(ECF No. 11-56 at 44).

With respect to Petitioner's claim that counsel failed to have the container tested, examined,

weighed, and fingerprinted, the state habeas court found:

>18.    Counsel questioned both the crime-scene specialist and the Austin Police Department forensic chemist about the lack of fingerprint testing done on the container.

19.     In his closing argument, Counsel argued that the State did not fingerprint the container because they did not want to do a complete investigation and simply assumed that [Petitioner] was guilty.

20.     Part of Trial Counsel's strategy was to criticize the State for not having conducted fingerprint testing on the container and argue that it contributed to their failure to meet their burden of proof.

21.     Evidence was presented that the container with the cocaine was located in the vehicle [Petitioner] was in, under his seat, and he was seen rummaging underneath the seat.

22.     The lack of [Petitioner's] fingerprints on the container would not have been dispositive as to his possession of the container.

23.     [Petitioner] has not asserted what additional testing, examining, or weighing of the container would show.

24.     [Petitioner] has not shown that Counsel's performance was deficient in failing to have the container fingerprinted or otherwise tested or that the outcome of the proceeding would have been different had Counsel done so.

(ECF No. 11-56 at 44-45).

Petitioner has not rebutted, with clear and convincing evidence, the state habeas court's factual findings that counsel's performance was not deficient or that the outcome of Petitioner's proceeding would not have been different.  Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence.  Accordingly, the Court is of the opinion that 28 U.S.C. § 2254, as amended by the AEDPA, bars habeas corpus relief on Petitioner's claim that he received ineffective assistance of trial counsel.

## **RECOMMENDATION**

It is recommended that Petitioner's application for writ of habeas corpus be denied.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

13

**OBJECTIONS**

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See* 28 U.S.C. § 636(b)(1)(C);  *Thomas v. Arn*, 474 U.S. 140, 150-153 (1985); *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

SIGNED this 17th day of August, 2020.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

14